IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Eugene S. McClelland,

Plaintiff,

v.

PHARMACIA CORPORATION, f/k/a
Monsanto Company, a Delaware Corporation

Defendant

Court File No. CV-00-1505 PAM/RLE

**PROTECTIVE ORDER**

---

It appearing that the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order, pursuant to F. R. Civ. P. 26(c), **IT IS HEREBY ORDERED THAT:**

**WHEREAS,** Plaintiff, Eugene S. McClelland, (hereinafter "McClelland") has demanded and may demand additional information of defendant, Monsanto Company (hereinafter "Monsanto");

**WHEREAS,** Monsanto has demanded and may demand additional information of McClelland;

**WHEREAS**, McClelland and Monsanto both filed Motions to Compel;

**WHEREAS,** the Court, by Order dated April 2, 2001, granted McClelland's Motion in part and also granted Monsanto's Motion;



(21)

FILED MAY 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**IT IS THEREFORE AGREED** that the parties hereto will permit access to its confidential information pursuant to the restrictions and conditions set forth below.

1. All documents or information deemed "CONFIDENTIAL" by either party shall be designated as such, either in writing or by stamping the document "CONFIDENTIAL". Information designated as "CONFIDENTIAL" shall be used and disclosed only in accordance with this Order. With regard to deposition testimony, the testimony must be designated as "CONFIDENTIAL" either at the time of the testimony or within fifteen (15) days after receipt of the deposition transcript.

2. The term "CONFIDENTIAL" shall be interpreted to mean information produced or disclosed by the producing party which is not known or generally available to the public and includes but is not limited to, (a) trade secrets; (b) commercial, financial, budgeting and/or accounting information; (c) information about existing and potential customers; (d) business strategies, decisions and/or negotiations; (e) personnel compensation, evaluations and other employment information including bonus, incentive or other award programs; (f) proprietary technical information; and (g) confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships, as well as non-public information of a sensitive, personal and private nature, such as tax returns.

3. Information designated as "CONFIDENTIAL" shall be made available for inspection and copying at the offices of the producing party's counsel. A party's counsel may reveal and provide copies of the confidential, proprietary information as necessary to prepare its case to: (1) its client; (2) its experts and consultants; (3) attorneys enrolled in this litigation; (4)

staff members employed by counsel to work on this case; (5) court reporters at depositions, hearings or other proceedings in this action; (6) mediators employed during this case; (7) arbitrators employed during this case; (8) the Court; (9) deposition or trial witnesses who are reasonably believed to have knowledge of the contents of the document; and (10) anyone else agreed upon by counsel in writing or on the record.

4. Should a party inadvertently produce a document which is not marked "CONFIDENTIAL" that its attorneys later determine should have been marked "CONFIDENTIAL", that party's counsel shall immediately notify opposing counsel and opposing counsel shall treat the document as CONFIDENTIAL from the date of notification forward.

5. Information designated "CONFIDENTIAL" may only be disclosed or reviewed subject to the provisions of paragraphs 3 and 6, or by Order of the Court.

6. During the pendency of and following the conclusion of this action, information designated "CONFIDENTIAL" may not be disclosed by the requesting party, except to the extent that disclosure is necessary to assist the requesting party's attorneys in the preparation for trial and the trial of this action. Under no circumstances shall information designated "CONFIDENTIAL" be disclosed directly or indirectly to a competitor or to any agent of a competitor of the producing party. For purposes of this litigation, "competitors" means someone who routinely works in the herbicide industry (not including University employees) or who regularly consults with herbicide manufacturers. "Competitor" does not include those individuals/professionals identified in paragraph 3 of this Order.

7. All information designated "CONFIDENTIAL" (as well as all reproductions of such information and notes or information extracted from such information) shall be (i) subject to the provisions of this Order, (ii) treated by the parties as strictly CONFIDENTIAL both

during the pendency and following the conclusion of this action, and (iii) used solely for the purposes of this action.

8. All documents produced and designated as CONFIDENTIAL which is made an exhibit or part of any pleadings, motions, affidavits, briefs, transcripts of proceedings in the Court or in camera, or any other papers filed with this Court shall be placed under seal by the Clerk of Court, and shall not be made part of the public record unless otherwise agreed to by the producing party or by Order of the Court.

9. Confidential documents and/or confidential information used in connection with any motion or hearing in connection with the litigation shall be filed under seal, submitted to the Court for in camera inspection, or submitted to the Court in such other manner as the parties may agree.

10. All documents, things, and information subject to this Order (including copies, extracts, notes or memoranda in the possession of the receiving party or their attorneys, or those to whom disclosure of CONFIDENTIAL information was made to assist in the prosecution of this action) shall be returned to the producing party within thirty (30) days after the conclusion of this litigation. The provisions of this Order shall continue to be binding after the conclusion of this action unless waived in writing by the producing party, subject to the further Order of this Court.

11. The restrictions set forth in this Protective Order shall not apply to information which (a) is in the public domain at the time of disclosure as evidenced by a written document; (b) becomes part of the public domain through no fault of the receiving party; or (c) can be shown by the receiving party to have been lawfully in its possession at the time of disclosure.

13. The designation of "CONFIDENTIAL" under this Protective Order, or lack thereof, may not be used to demonstrate or refute claims of trade secret status of materials produced or otherwise disclosed in this litigation.

14. If any party to the Protective Order believes that another party has incorrectly designated material as "CONFIDENTIAL," the objecting party may apply to the Court for relief. The party that originally produced the documents or pleadings or designated the testimony as "CONFIDENTIAL" will bear the burden of establishing that the information merits the designation to which the objection is made. Any such disputed items shall be treated as "CONFIDENTIAL" information and subject to the provisions of this Protective Order from the time of the objection unless and until the parties resolve their dispute or the Court determines otherwise.

15. Upon the showing of good cause, this Court shall have the power to make any modification to this Order which justice may require.

DATED: MAY 1 7 2001

Raymond L. Erickson
JUDGE

AGREED TO AS TO CONTENT AND FORM:

5/10/01
DATE

MICHAEL T. NILAN
**HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON**
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Telephone: 612-338-1838
Facsimile: 612-338-7858

Wayne K McNeil 5/07/01
**WAYNE K. MCNEIL (La. #20956)**
**FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.**
3600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100

Attorneys for DEFENDANT, MONSANTO COMPANY

AGREED TO AS TO CONTENT AND FORM:

5/08/01
DATE

**PAUL L. RATELLE (#127632)**
**DANIEL J. McGARRY (#273855)**
**FABYANSKE, WESTRA AND HART, P.A.**
920 S. Second Avenue, Suite 1100
Minneapolis, MN 55402
Telephone: (512) 338-0115

Attorneys for PLAINTIFF, EUGENE S. MCCLELLAND

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts)*.

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.