UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Eugene S. McClelland,

Plaintiff,

vs. MINUTE ORDER

Pharmacia Corporation, f/k/a Monsanto Company, a Delaware Corporation,

Defendant. Civ. No. 00-1505 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of September, 2001.

* * *

On September 27, 2001, the Court heard argument on the Plaintiff's informal Motion to Compel the production of documents from a third-party witness, who was subpoenaed in his capacity as the Custodian of the Records of United Agra Products ("UAP"), and in his individual capacity as an employee of UAP. For these purposes, the Plaintiff appeared by Paul L. Ratelle, Esq., the Defendant appeared by Wayne K. McNeil, Esq., and UAP appeared by Lianne C. Knych, Esq. As explained at the close of the Hearing, and briefly reiterated below, we grant the Motion to Compel.

The Subpoena served upon UAP's Custodian of the Records required the production of credit documents between UAP and Aitkin

(30)

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Feed and Seed ("ASF"). UAP is a distributor of products, including those of the Defendant, which were purchased by the Plaintiff, and which the Plaintiff alleges to have been defective. Among the retailers, to whom UAP distributes the Defendant's products, is ASF. As the Plaintiff views the matter, the principal of ASF had expressed views consistent with the Plaintiff's theory of the case but, when deposed, the same individual testified differently. The Plaintiff theorizes that the perceived change in testimony was caused by a tightening of the credit limits that UAP had previously extended to ASF. The Defendant denies any change in the witness' testimony, and further denies any effort by the Defendant to pressure the witness to testify differently, either directly or through UAP.

During the course of the deposition of UAP's representative, counsel for the Plaintiff determined that certain of UAP's credit documents with ASF, which could be located at UAP's offices in Nebraska, may not have been produced for the deposition. Counsel for UAP agreed to conduct a search for the documents in Nebraska, but would not agree to have the documents sent, by telefacsimile, to the deposition site, as the documents, if they existed, would contain information of ASF which was highly confidential. In addition, there is no current showing that any such documents exist. The Defendant denies the relevance of the documents.

On this Record, we find the documents to be relevant and, given the language of the Subpoenas, and the site of their service, we understand how the Subpoenas may not have ferreted out all of the documents covered by its terms. Accordingly, we direct UAP to search UAP's Nebraska offices, for any documents, relating to the commercial relationship between UAP and ASF, inclusive of any credit documents, and, if such documents are found, then to determine the propriety of a Confidentiality Agreement/Order to protect any sensitive information. It may well be that the documents will discredit the Plaintiff's hypothesis and, thereby, end the matter. If, however, documents are found, they should be produced to the parties, subject to such protective means as are appropriate and, if the Plaintiff wishes to question the UAP deponent on the contents of those documents, the deposition may be reconvened for that limited purpose. At this time, however, the deposition should proceed to a conclusion subject to that limited potential for reopening.

The Defendant expresses concern that this complication will unravel the Summary Judgment Motion dates that were established by the District Court. We are unable to predict the future on the limited information presented but, if there is a need to adjust a deadline, which has been established by the District Court, then counsel should contact the Calendar Clerk of the District Court for

direction as to where a Motion to alter the dispositive Motion deadline, upon a showing of good cause, should be heard.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Compel is GRANTED to the extent allowed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE